# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ELORAC, INC.**, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 16 C 11522 |
| **RICK HENSON**, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

BioComp Pharma, Inc. ("BioComp"), named as the fourth defendant in this action brought by Elorac, Inc. ("Elorac"), is not involved in the current complex proceedings against the other three defendants looking to the grant or denial of preliminary injunctive relief. This memorandum order is issued sua sponte to address some problematic aspects of BioComp's just-filed Answer to Elorac's First Amended Complaint.

Many of the paragraphs of that responsive pleading (see Answer ¶¶ 1, 2, 5-7, 10-13, 18-23, 25, 27, 29-33, 35, 36 and 38-40) invoke the disclaimer provided by Fed. R. Civ. P. ("Rule") 8(b)(5) to deal with a plaintiff's allegations when a responding defendant's position does not allow for either the straight forward admission or denial called for by Rule 8(b)(1)(B). Although this Court expresses no view as to the substantive propriety of any of those disclaimers (a matter that may be raised between the litigants), counsel has improperly tacked on to them the verbiage "and, therefore, denies them."

It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it.

Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next, BioComp's counsel failed to respond directly to allegations in Complaint ¶¶ 43 and 53 as to statutory language, asserting instead that each statute "speaks for itself." Not so -- see App'x ¶ 3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Like any other allegation in the Complaint, those two paragraphs call for an answer. Moreover, counsel concludes those paragraphs of its present Answer by purporting to deny "any other allegations" of the corresponding allegation in the Complaint -- but there aren't any other allegations! In sum, those two paragraphs of the Answer are stricken, but with leave granted to replead.

Finally, BioComp's counsel has done an unacceptable job of asserting affirmative defenses ("ADs"). Only the last of the six asserted ADs passes muster under the standards established by Rule 8(c) and the caselaw applying and construing that Rule. As for the rest:

1. AD 1, which is the equivalent of a Rule 12(b)(6) motion, cannot fairly be left to sit there while the case proceeds, available to be raised at some future date. If BioComp's counsel really believes that the Complaint is flawed in that respect, the proper way to raise the issue is to present it up front through a suitably supported motion.

2. That is equally true as to ADs 2 through 4, in addition to which it is totally improper to set out a laundry list of the type included in AD 4 -- such an approach is at odds with the concept that federal pleading is notice pleading, calling for each side to apprise the other of what is really at issue between

       the parties, rather than simply mouthing several of the examples listed in Rule 8(c).

3.     AD 5 is at odds with the fundamental concept of an AD, which requires a defendant to accept the well-pleaded allegations of a complaint as true, but to identify some other factor that bars recovery or reduces a claimed recovery (such as contributory negligence).

In sum, all of the ADs except AD 6 are stricken (it being understood that if some future development justifies the assertion of an appropriate AD, BioComp would be free to raise it at that time).

There is no need for BioComp's counsel to do a total do-over. Instead the offending language or the offending provisions dealt with here are stricken, with leave granted to file self-contained amendments to Answer ¶¶ 43 and 53 on or before March 24, 2017.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 17, 2017